IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-272-BO

| | | |
|---|---|---|
| MICHAEL A. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CRANDELL'S ENTERPRISES, INC., | ) | |
| MARY ANN CRANDELL, and CAROLYN | ) | |
| MAYO, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motions for entry of default and to strike and defendants' motion to withdraw or amend. The appropriate responses and replies have been filed and the motions are ripe for ruling. For the reasons discussed below, plaintiff's motions are denied and defendants' motion is denied as moot.

## BACKGROUND

Plaintiff, a former employee of defendants, filed this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, *et seq.*, and for common law wrongful discharge. By order entered August 16, 2016, the court allowed counsel for defendants to withdraw. [DE 20]. Because defendants include a corporation which may not appear in this Court *pro se*, the Court ordered that defendants retain new counsel to file a notice of appearance on or before September 6, 2016. The Court further notified defendants that failure to retain counsel could result in entry of default judgment against the corporation.

The 6 September deadline passed and counsel had not made an appearance on behalf of any of defendants. On September 12, 2016, plaintiff moved to strike Crandell's Enterprises' answer, for entry of default as to that defendant, and to deem admitted plaintiff's first set of requests for admission by all defendants. [DE 21]. On September 21, 2016, duly admitted counsel noticed an appearance on behalf of all defendants. [DE 23]. Defendants then filed a response in opposition to plaintiff's motion and moved to withdraw or amend any deemed admissions to plaintiff's first set of requests for admissions. [DE 28]. Plaintiff then moved to strike defendants' responses to plaintiff's first set of requests for admissions, attached to their opposition to entry of default, as untimely. [DE 30].

## DISCUSSION

Recognizing that counsel for defendant Crandell's Enterprises filed an appearance after the deadline imposed by the Court, the Court finds that the countervailing interest in resolving disputes on the merits outweighs any brief delay caused by the failure to heed the Court's deadline. *See Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (motions to strike provide for a drastic remedy and are disfavored); *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (court of appeals has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."). For this reason, plaintiff's request that the answer of Crandell's Enterprises be stricken and default be entered is denied.

For similar reasons, the Court declines to deem plaintiff's first set of requests for admissions as admitted by all defendants. Further, the Court allows defendants' responses filed October 6, 2016 [DE 29-1] to be deemed timely filed. Plaintiff's motion to strike defendants'

2

Case 5:15-cv-00272-BO   Document 33   Filed 02/16/17   Page 2 of 3

responses is therefore denied. This matter shall proceed through discovery and motions practice as outlined in the Court's order entered November 9, 2016. [DE 32].

## CONCLUSION

For the foregoing reasons, plaintiff's motion for entry of default [DE 21] is DENIED and plaintiff's motion to strike [DE 30] is DENIED. Defendants' motion to withdraw or in the alternative amend [DE 28] is DENIED AS MOOT and defendants' responses to plaintiff's first set of requests for admissions [DE 29-1] are deemed timely filed.

SO ORDERED, this _15_ day of February, 2017.

_TERRENCE W. BOYLE_
UNITED STATES DISTRICT JUDGE